[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUPPRESS/DISMISS
CT Page 2561
The defendant in the above entitled matter moves the court to suppress certain evidence seized by the Valley Street Crime Unit on October 30, 1996 from the defendant and from his vehicle. The sum of $135 was taken from the person of the defendant at the time of his arrest at the Derby, Connecticut train station and various items were taken from his vehicle including 15 small plastic bags containing cocaine, two cellular telephones, and two beeper-pagers with a telephone number belonging to the confidential informant involved in the defendant's arrest. It is the defendant's claim in this motion that all of these items must be suppressed as evidence against the defendant as his arrest on charges of conspiracy/illegal possession of cocaine with intent to sell in violation of statute was without probable cause and the search of his vehicle was unreasonable and, accordingly, unlawful.
Shortly before the defendant's arrest on these charges, The Valley Street Crime Unit, a group of area narcotics police, got information that the defendant was involved in transporting and selling narcotics in the Derby area. It was arranged for the informant to set up buys from the defendant at the Derby train station and also another buy at a Burger King restaurant from a different dealer. The initial information was furnished to the crime unit and one Detective Robert Donahue of the Derby Police Department. Detective Donahue testified that the person furnishing him with this information was a reliable informant having on two prior occasions furnished information which led to arrests and convictions of individuals on narcotics charges. As a result of these arrangements, police units were dispatched to these two locations for purposes of setting up stakeouts for potential intervention of the sales and arrests of the violators. The police department in Bridgeport was also alerted to the operation as it was indicated that the drugs were coming out of Bridgeport. The confidential informant advised the crime unit of the identity of the individual coming to the Burger King restaurant and which vehicle he operated. The confidential informant expressed concern for his own safety as apparently he had been threatened by these individuals from whom he had purchased drugs in the past. The confidential information had been arrested several weeks before by the crime unit on charges of possession and had advised the unit of the identity of his sellers: the defendant, one Kenneth Grace and Vernon Best, an CT Page 2562 individual known to Detective Donahue as a trafficker in narcotics with pending charges against him. The confidential informant volunteered to assist in setting up these two buys. The informant described the vehicles which the respective individuals would be operating in transporting the drugs for the contemplated purchases in Derby and Shelton.
At the appointed hour, the police at the Burger King area saw a black male later identified as Vernon Best drive up but he apparently did not feel comfortable when vehicles started to move toward him and he drove off at a high rate of speed without being apprehended. The information provided by the confidential informant had proved reliable. The police then turned their attention to the train station buy. As planned, the defendant showed up at the appointed time in the vehicle described by the informant. The defendant got out looking for the informant as the purchaser and the police moved in. They looked in the vehicle and saw in the back seat a bag which contained a quarter pound of cocaine. Further search of the vehicle's interior turned up 15 individually wrapped bags of cocaine and the other items noted herein before.
The defendant maintains that these events culminating in the defendant's arrest did not constitute probable cause justifying the arrest of the defendant and that the items seized incident to that arrest were unlawfully obtained.
Probable cause to detain an individual and to search without first obtaining a warrant is established when from a review of all the facts and circumstances leading up to the instant on such information gives rise to a suspicion that the individual being stopped was engaged in wrongdoing and the stop must be predicated "on more than a mere hunch." State v. Januszewski, 182 Conn. 142,149. Probable cause exists "where the facts and circumstances are within the officer's knowledge and about which the officer had reasonably trustworthy information which would warrant a man of reasonable caution in the belief that an offense has been or is being committed." See Carroll v. United States, 267 U.S. 132.
In reviewing the facts leading up to the defendant's arrests and the search of his vehicle, for an assessment to determine whether probable cause existed, it is clear that there was considerably more than a "hunch" on the part of the arresting officers that a crime might be in progress. All of the events as set up by the informant unraveled as predicted and for the CT Page 2563 purposes intended, i.e., that of ostensibly making a narcotics purchase for the purpose of apprehending the defendant. All of these events justified the arrest of the defendant and the search of the vehicle which turned up contraband in the back seat and elsewhere in the vehicle together with other items customarily found among the possessions of suspected drug dealers. The search of a motor vehicle incident to a lawful stop without a warrant is justified once it is determined that the temporary detention of the defendant was reasonable. See State v. Longo, 243 Conn. 732, C.L.J. 3/3/98.
The motion to suppress/dismiss is denied.
George W. Ripley J.T.R.